IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IOU CENTRAL, INC. *d/b/a* IOU    *
FINANCIAL, INC.,
                           *

     Plaintiff,
                           *

vs.
                           *     CASE NO. 4:19-CV-177 (CDL)

ACRA CONSTRUCTION, LLC,
KIMBERLY A. REYNOLDS, and    *
ROBERT J. REYNOLDS,
                           *

     Defendants.
                            *

O R D E R

     IOU Central, Inc. filed this action against three Arizona residents to recover on a defaulted loan, seeking in part to obtain an equitable mortgage/lien or constructive trust over Arizona property.  None of the Defendants answered or otherwise entered an appearance in this action; therefore, the Clerk entered default against them.  *See* Clerk's Entry of Default (Nov. 21, 2019).  Plaintiff now moves for default judgment (ECF No. 11).

     Before the Court grants default judgment, it should be satisfied that personal jurisdiction is proper over Defendants.  *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the

issue."). Because "[a] defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction," raising the issue of personal jurisdiction at the default-judgment stage ultimately conserves judicial resources. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999).

IOU Central argues that Defendants waived their personal jurisdiction defenses by virtue of their default. Although personal jurisdiction is a waivable affirmative defense, failure to enter an appearance or file responsive pleadings (i.e., allow an action to go into default) does not waive personal jurisdiction. It is black letter law that "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on [personal jurisdiction grounds] in a collateral proceeding." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706 (1982). Moreover, the Court can grant a defendant relief from default judgment on the basis that the court entering the judgment lacked personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 60(b)(4) (allowing courts to grant relief from a judgment if "the judgment is void"); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014) ("A judgment can be set aside for voidness where the court lacked [personal jurisdiction]."). If, as IOU Central contends, the rule were that a defendant waives

personal jurisdiction by defaulting, then courts would not be able to set aside default judgments via collateral attack or under the Federal Rules in this way.  IOU Central's position is contrary to the great weight of authority on this issue.[1]

In the interest of judicial economy, it is prudent to address the personal jurisdiction issue now rather than later. Accordingly, within fourteen days of today's Order, IOU Central shall file a brief demonstrating why personal jurisdiction is proper over Defendants in this action.[2]

IT IS SO ORDERED, this 4th day of March, 2020.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] *See, e.g.*, *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam) (noting that "defendant[s] in default still can challenge the validity of service of process or contest the court's exercise of personal jurisdiction over [them]," even though they are "not entitled to raise any other defenses" once they are in default); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120–21 (6th Cir. 1994) ("[C]ourts have generally held that '[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond.'"); *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202–03 (10th Cir. 1986) ("Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond."); 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1391 (3d ed., August 2019 update) ("An objection to personal jurisdiction may raise constitutional issues, and the non-appearance of the defendant should not constitute a waiver of that defense.").

[2] The Court acknowledges that ACRA signed a promissory note that contained a forum selection clause in which ACRA agreed to "waive[] any challenge to the jurisdiction" of Georgia courts.  Mot. for Default J. Ex. 1, Promissory Note 7, ECF No. 11-1 at 7.  But, ACRA is the only Defendant that was a party to that note.  Accordingly, the Court is skeptical that Defendants Kimberley and Robert Reynolds would be bound by ACRA's contractual personal jurisdiction waiver.