IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IOU CENTRAL INC., | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:19-CV-177 (CDL) |
| ACRA CONSTRUCTION LLC, KIMBERLY A. REYNOLDS, and ROBERT J. REYNOLDS, | * |
| | * |
| Defendants. | * |

O R D E R

After being served with Plaintiff's complaint, Defendants failed to answer it. The Clerk accordingly made an entry of default. Plaintiff now files its motion for default judgment. The Court finds that it has personal jurisdiction over this action. Although venue is clearly not proper in this district and the Court is perplexed as to why this action was not brought in the venue agreed upon by the parties in the promissory note (i.e., Cobb County and the Northern District), Defendants have waived improper venue as a defense by failing to answer the complaint. The Court grants in part and denies in part Plaintiff's motion for default judgment as follows.

The Clerk is directed to enter judgment in favor of Plaintiff, IOU Central, Inc., and against Defendants, ACRA Construction LLC, Kimberly A. Reynolds, and Robert J. Reynolds, individually and

jointly, in the total amount of $ 126,171.72, which is supported by the present record and consists of the following: unpaid principal balance of $98,117.11, accrued interest from the date of the last full payment (August 24, 2018) to December 18, 2019 at 9.25% per annum of $15,902.64, attorney's fees of $11,401.97, n.s.f. balance of $50.00, court filing fee of $400.00, and service of process fees of $300.00.  Plaintiff shall also recover post judgment interest on this judgment at the legal rate.  Because the default judgment includes recoverable costs, Plaintiff shall not be entitled to additional costs.

The present record does not support Plaintiff's claim for declaratory and equitable relief, including Plaintiff's claim for the establishment of a prejudgment lien on the real property of Defendants Kimberly Reynolds and Robert Reynolds.  Accordingly, that part of Plaintiff's motion for default judgment is denied.  Nothing in today's order, however, prevents Plaintiff from relying upon the default judgment for money damages to establish a lien on Defendants' property.

IT IS SO ORDERED, this 23rd day of April, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA